UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| REBECCA SIZEMORE, | CIVIL ACTION NO. 6:19-222-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| MANCHESTER SQUARE ASSOCIATES, LLC and WAL-MART EAST, LP | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*

The plaintiff Rebecca Sizemore originally filed this action in Clay Circuit Court. She moves to add a defendant and to remand the matter to state court (DE 8, 9). For the following reasons, both motions will be denied.

In her state-court complaint, Sizemore alleges that, on September 26, 2017, she was on property owned or controlled by Wal-Mart East, LP and Manchester Square Associates, LLC when she tripped on uneven asphalt. She asserts negligence claims against both Wal-Mart and Manchester, alleging that she suffered severe and permanent injuries.

Defendant Manchester removed the action to this Court, asserting that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1). That statute gives federal courts jurisdiction over civil actions that are between citizens of different states where the "matter in controversy" exceeds $75,000.

As to the amount in controversy, in the notice of removal. Manchester pointed out that Sizemore stated in interrogatory answers that she seeks $690,000 in damages. As to the statute's requirement that the dispute be between citizens of different states, the statute requires that there be "complete diversity," meaning that no plaintiff is a citizen of the same state as any defendant.

1

*V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Manchester pointed out that plaintiff Sizemore is a Kentucky citizen and that neither defendant is.

Sizemore then filed a motion for leave to amend her complaint to add Capital Cleaning and Maintenance, LLC as a defendant. She asserts that Capital Cleaning cleans and maintains the property where she fell. As to why she did not name Capital Cleaning in her state-court complaint, Sizemore asserts that she did not learn of Capital Cleaning or its involvement with the property until June 4, 2019, when she received Manchester Square's responses to interrogatories. In those responses, Manchester Square stated that it hired Capital Cleaning "to maintain the property during the relevant time."

Capital Cleaning is a Kentucky citizen. Its joinder would destroy federal jurisdiction over this matter. Thus, Sizemore's motion to amend is accompanied by a motion remand this action to state court.

The Court's decision on the motion to amend is governed by 28 U.S.C. § 1447(e), which gives district courts discretion to deny a plaintiff's post-removal motion to join a defendant whose joinder would destroy federal subject-matter jurisdiction. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016).

"A district court may base its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Id*. (citing *Bailey v. Bayer CropScience, L.P*., 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)).

Sizemore filed the motions to amend and remand simultaneously, and the only significant proposed amendment is the addition of the non-diverse Capital Cleaning. This indicates that the intent of the proposed amendment is to destroy federal jurisdiction. *Id*. Further, Sizemore herself states that she learned of Capital Cleaning's involvement with the property on June 4, 2019. Yet she waited four months to seek to add it as a party, and she did so only after the action was removed.

Sizemore has not shown that she will suffer any significant damage if she is not permitted to assert a claim against Capital Cleaning in this federal action. In fact, it appears that any claim against Capital Cleaning would be futile because the one-year limitations period for personal injury claims has expired. KRS § 413.140(1)(a). Sizemore's fall occurred on September 26, 2017. (DE 1-2, Complaint ¶ 4.) She did not seek to assert a claim against Capital Cleaning until October 10, 2019.

Sizemore states that the limitation period should be tolled under KRS § 413.190(2), which tolls the limitations period when a Kentucky resident absconds or conceals himself or otherwise "obstructs the prosecution of the action." Sizemore argues that Capital Cleaning and the other defendants "intentionally and actively concealed Capital's identify as an entity who exercised control over the premises and had a duty to maintain the area." Sizemore provides no facts to support this assertion.

To the extent that she argues that Manchester or Wal-Mart should have identified Capital Cleaning before the limitations period expired, this argument ignores the fact that she asserts she did not even serve Manchester with interrogatories until after the one-year limitations period had expired (DE 8-1at 2), and she does not assert she has served Wal-Mart with discovery requests at all. Wal-Mart says she has not. Further, in her reply brief, Sizemore asserts that her failure to

name Capital Cleaning was her own "mistake as to who had control of the parking lot." Moreover, under KRS § 413.190(2), the relevant question is whether Capital Cleaning itself actively concealed its identity, not whether Manchester or Wal-Mart did. Sizemore does not allege any actions by Capital Cleaning except that it never contacted her to discuss the case. (DE 16 at 2.)

Further, Federal Rule of Civil Procedure 15(c) would not permit relation back with respect to Sizemore's claims against Capital Cleaning. "Rule 15(c) is inapplicable when the plaintiff seeks to add, rather than subtract or change, the named defendants. See *Rayfield v. City of Grand Rapids, Michigan*, 768 F. App'x 495, 502 (6th Cir. 2019); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and [ ] such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B))."

As to "other factors bearing on the equities," of the motion to amend, no party has asserted any. The Court does, however, recognize the defendants' interest in retaining the federal forum having properly removed this action. This also weighs in favor of this Court retaining jurisdiction.

Accordingly, the Court, exercising its discretion pursuant to 28 U.S.C. § 1447(e), hereby ORDERS that Sizemore's motion to amend her complaint (DE 8) to add Capital Cleaning as a defendant is DENIED. The Court having retained diversity jurisdiction over this matter further ORDERS that Sizemore's motion to remand (DE 9) it to state court is also DENIED.

Dated September 01, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4